IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON L. COOPER,

    Plaintiff,                          No. CIV S-05-1043 GEB JFM P

    vs.

CAL TERHUNE, et al.,

    Defendants.                   ORDER

_____/

        Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

        On March 7, 2006, plaintiff filed a request for "entry of default judgment" against defendant Sergeant Campbell. By order filed October 24, 2005, the court ordered the United States Marshal to serve the complaint on defendants. It appears from documents appended to plaintiff's March 7, 2006 request that process directed to defendant Sergeant T. H. Campbell was returned unexecuted because there was no person with that name at the address provided by plaintiff. Since defendant Campbell has not yet been served, plaintiff's request for entry of default and default judgment will be denied. See Fed. R. Civ. P. 55.

        In addition, plaintiff will be required to provide additional information to serve this defendant. Plaintiff shall promptly seek such information through discovery, the California

1

Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff. If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention.

On March 7, 2006, plaintiff filed a document styled "traverse." The court construes this document as a reply to the answer filed by defendants DeLong and Armstrong on February 17, 2006. Rule 7 of the Federal Rules of Civil Procedure provides as follows:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer</u>.

Fed. R. Civ. P. 7(a) (emphasis added). The court has not ordered plaintiff to reply to defendants' answer and declines to make such an order. Plaintiff's reply will be disregarded.

Finally, plaintiff has filed a second motion for appointment of counsel and supplemental information in support thereof.[1] The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court still does not find the required exceptional circumstances. Plaintiff's March 10, 2006 motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 7, 2006 request for entry of default and default judgment against defendant Sergeant Campbell is denied.

---

[1] Plaintiff's first motion for appointment of counsel was denied by order filed September 13, 2005.

1               2. The Clerk of the Court is directed to send to plaintiff one USM-285 form, along with an instruction sheet and a copy of the complaint filed May 26, 2005.

               3. Within sixty days from the date of this order, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court, with the following documents:

                       a. One completed USM-285 form for defendant Sergeant Campbell;

                       b. Two copies of the endorsed complaint filed May 26, 2005; and

                       c. One completed summons form (if not previously provided)

or show good cause why he cannot provide such information.

               4. Plaintiff's March 7, 2006 "traverse" is construed as a reply to defendants' answer to the complaint and, so construed, shall be disregarded.

               5. Plaintiff's March 10, 2006 request for appointment of counsel, as supplemented March 15, 2006, is denied.

DATED:  March 21, 2006.

                                   _____
                                   UNITED STATES MAGISTRATE JUDGE

12
coop1043.83+

IN THE UNITED STATES DISTRICT COURT

OR THE EASTERN DISTRICT OF CALIFORNIA

AARON L. COOPER,

      Plaintiff,                               No. CIV S-05-1043 GEB JFM P

      vs.

CAL TERHUNE, et al.                    <u>NOTICE OF SUBMISSION</u>

      Defendants.                        <u>OF DOCUMENTS</u>

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

          _____      completed summons form

          _____      completed USM-285 forms

          _____      copies of the _____
                                    Complaint/Amended Complaint

DATED:

                                      _____
                                      Plaintiff