IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON L. COOPER,

    Plaintiff,                       No. CIV S-05-1043 GEB JFM P

    vs.

CAL TERHUNE, et al.,

    Defendants.                ORDER

         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's claim that defendants Campbell, DeLong and Armstrong violated plaintiff's rights under the Eighth Amendment by subjecting him to excessive force.  (See Order filed September 13, 2005.)  Defendants DeLong and Armstrong have answered the complaint.  (See Answer, filed February 17, 2006.)  However, service directed to defendant Sergeant T. H. Campbell has twice been returned unexecuted by the United States Marshal.

         The first time service directed to Sergeant Campbell was returned unexecuted, plaintiff was directed to provide additional information for service of process on defendant Campbell.  Plaintiff complied with that order by returning a completed USM-285 form with an address for Sergeant T.H. Campbell at High Desert State Prison.  (See Return of Service, filed

1

1  October 27, 2006.) Plaintiff also indicated that the defendant could be served through the High
2  Desert State Prison Litigation Office, through the California Department of Corrections and
3  Rehabilitation (CDCR), or by seeking defendant Campbell's last known mailing address from
4  counsel for defendants DeLong and Armstrong. The return of service filed October 27, 2006
5  indicates that a request for waiver of service was mailed on May 2, 2006, returned, then
6  forwarded to a new address on August 16, 2006, from which it was returned undeliverable, after
7  which the CDCR locator advised the United States Marshal that there are two T.H. Campbell's
8  and they require "specific identifiers" to assist in the completion of service of process.

9        On August 18, 2006, defendants DeLong and Armstrong filed a motion for
10 summary judgment. It is apparent from that motion that defendants DeLong and Armstrong
11 know which Sergeant T.H. Campbell is the proper defendant in this action, and that they or their
12 attorney should be in a position to provide the United States Marshal with the "specific
13 identifiers" required to complete service of process on defendant Campbell.[1] Good cause
14 appearing, defendants DeLong and Armstrong will be directed to provide the United States
15 Marshal with such information or show cause in writing why they are unable to do so.[2]

16       Review of defendant DeLong and Armstrong's motion for summary judgment
17 shows that the interests of judicial economy and avoiding piecemeal litigation will be best served
18 if the status of defendant Campbell in this action is resolved prior to resolution of any motion for
19 summary judgment in this action. Accordingly, defendant DeLong and Armstrong's motion for
20 /////
21 /////

---

[1] In a footnote on the first page of their memorandum of points and authorities in support of the motion for summary judgment, defendants DeLong and Armstrong suggest that the court may use the undisputed facts set forth in their motion to screen out the claims against defendant Campbell pursuant to 28 U.S.C. § 1915A(a). The court declines that suggestion.

[2] In the alternative, counsel for defendants DeLong and Armstrong may, but will not be required to, accept service on behalf of defendant Campbell and undertake to represent him fully in this action.

summary judgment will be denied without prejudice to its renewal not later than sixty days after the status of defendant Campbell is resolved.[3]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of this order, defendants DeLong and Armstrong shall provide the United States Marshal service with specific information concerning the identity of defendant Sergeant T.H. Campbell sufficient to permit completion of service of process or show cause in writing why they cannot comply with this order; and

2. Defendants' August 18, 2006 motion for summary judgment is denied without prejudice to its renewal within sixty days from the date on which defendant Campbell appears in this action or is dismissed herefrom.

DATED: February 21, 2007.

UNITED STATES MAGISTRATE JUDGE

12
coop1043.o

---

[3] Defendants' motion for summary judgment may be renewed by a simple notice of motion that refers to the documents filed in connection with their August 18, 2006 motion.