IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON L. COOPER,

        Plaintiff,                No. CIV S-05-1043 GEB JFM P

    vs.

SGT. T.H. CAMPBELL, et al.,      ORDER

        Defendants.

_____/

        Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. By order filed September 13, 2005 the court determined that plaintiff's complaint states a cognizable claim for relief against defendants Sgt. T.H. Campbell, C/O J. DeLong, and C/O M. Armstrong and ordered plaintiff to provide documents for service of process. Plaintiff filed the required papers and the U.S. Marshal was directed to serve defendants by order filed October 24, 2005. Service on defendants Delong and Armstrong was returned executed and both have filed answers. Service on defendant Campbell has proven to be more problematic.

        On February 22, 2007, defendants were directed to provide the U.S. Marshal service with specific information concerning the identity of defendant Sergeant T.H. Campbell sufficient to permit completion of service of process or show cause in writing why they could not comply with that order. (Id. at 2-3.) On March 21, 2007, defendants filed their response. (Docket No. 63.) Defendants provided a declaration by the litigation coordinator at High Desert

1

State Prison who stated defendant Campbell is no longer employed by CDC-R and confirmed that he had

> double checked with the personnel office to ensure that the Montana address HDSP provided to the U.S. Marshal on August 10, 2006, [was] the last known address HDSP [had] for Sergeant Campbell, and cross referenced the address with the badge number . . . obtained from the November 22, 1999, incident report to ensure the address was for the correct Campbell. [He] confirmed that this address is the last known mailing address for the Sergeant Campbell named in the lawsuit."

(Id., Attachment A.) Defendant Delong submitted a declaration in which he states the last time he saw Sgt. Campbell was in Susanville, he has not kept in contact with him, but recalled hearing someone say Sgt. Campbell had moved out of state, perhaps to Colorado. (Id., Attachment B.) Defendant Armstrong also provided a declaration stating he also has not kept in touch with defendant Campbell, but heard Sgt. Campbell had moved to the "southwest of the United States." (Id., Attachment C.)

On May 9, 2007, plaintiff renewed his request to enter default against defendant Campbell.

A review of this record reflects that defendants failed to provide the U.S. Marshal with the badge number for the Sgt. T.H. Campbell named as a defendant herein so that the U.S. Marshal could attempt to query CDC-R for a more current address. Their filing also does not reflect that they provided defendant Campbell's badge number to CDC-R in an attempt to provide a more current address. Defendants' filing makes clear that defendant Armstrong, defendant Delong, High Desert State Prison, and the litigation coordinator at High Desert State Prison are unaware of a more current address for defendant Campbell.[1] But the filing does not make clear that the CDC-R or Deputy Attorney General Van Kamberian do not have a more

---

[1] Although the litigation coordinator stated he checked with the "personnel office," it is not clear that he meant he checked with the CDC-R locator or with the larger CDC-R personnel department. Rather, when read in context with his entire sentence, it appears more likely he checked with personnel at High Desert State Prison.

1 current address.[2] The litigation coordinator stated in his declaration that he obtained defendant
2 Campbell's badge number from the November 22, 1999 incident report. In an effort to expedite
3 this matter, the court reviewed the documents provided by defendants in connection with their
4 motion for summary judgment filed August 18, 2006, in an effort to locate the badge number.
5 However, only incident reports completed by defendants Delong and Armstrong were provided.
6 (Id., Ex. B, Docket No. 48.)

7 Accordingly, IT IS HEREBY ORDERED that within ten days from the date of
8 this order, defendants shall provide the badge number and date of birth for defendant Sgt. T.H.
9 Campbell. Failure to timely comply with this order will result in recommendation of the
10 imposition of sanctions.

11 DATED: June 4, 2007.

						_____
						UNITED STATES MAGISTRATE JUDGE

/001; coop1043.fb

---

[2] The USM-285 form completed by plaintiff on May 31, 2006, noted that Deputy Attorney General Van Kamberian has the last known mailing address for Sgt. Campbell. Defendants' March 21, 2007 filing was submitted by Deputy Attorney General Megan R. O'Carroll. (Id.) Although Ms. O'Carroll stated that "defendants have provided all the information they possess about Sergeant Campbell's identity and location" (id. at 3), it is not clear that "defendants" includes counsel for defendants.