1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   AARON L. COOPER,

11              Plaintiff,                    No. CIV S-05-1043 GEB JFM P

12        vs.

13   SGT. T.H. CAMPBELL, et al.,        ORDER AND **REVISED** ORDER DIRECTING

14              Defendants.             SERVICE BY THE UNITED STATES MARSHAL

15   _____/         WITHOUT PREPAYMENT OF COSTS

16            Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915.  By order

17   filed September 13, 2005 the court determined that plaintiff's complaint stated a cognizable

18   claim for relief against defendants and ordered plaintiff to provide information for service of

19   process on form USM-285, a completed summons, sufficient copies of the complaint for service,

20   and a notice of compliance.  Plaintiff filed the required papers.  Service on defendants was

21   accomplished on each defendant except T.H. Campbell.  Service on defendant T.H. Campbell

22   was returned unexecuted.  However, it is unclear on the record whether efforts have been made to

23   query the California Department of Corrections and Rehabilitation or Deputy Attorney General

24   Van Kamberian to obtain a more current address for defendant Campbell.[1]

25   _____

26         [1]  Defendant Armstrong, defendant Delong, High Desert State Prison, and the litigation
     coordinator at High Desert State Prison are unaware of a more current address for defendant

1   Accordingly, IT IS HEREBY ORDERED that:

2   1.  The Clerk of the Court shall complete one USM-285 form for defendant

3   Campbell, leaving the address portion for defendant Campbell blank.  On the original page for

4   the United States Marshal use only, the Clerk of the Court shall insert the date of birth of

5   defendant T.H. Campbell from the June 15, 2007 sealed filing, taking care not to copy this

6   information on the carbonized portions of the USM-285 form.

7   The Clerk of the Court is directed to forward the instructions for service of

8   process, one completed summons, two copies of the May 26, 2005 complaint, and a copy of this

9   order to the United States Marshal.

10   2.  The United States Marshal shall query the California Department of

11   Corrections and Rehabilitation and Deputy Attorney General Van Kamberian to obtain a more

12   current address for defendant T. H. Campbell.  If a more current address is provided, the United

13   States Marshal shall:

14   a.  Personally serve process and a copy of this order upon the defendant

15   pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C.

16   § 566(c) and shall command all necessary assistance from the California

17   Department of Corrections and Rehabilitation (CDC) to execute this order.

18   The United States Marshal shall maintain the confidentiality of all

19   information provided by the CDC pursuant to this order.

20   b.  Within ten days after personal service is effected, the United States

21   Marshal shall file the return of service for the defendant, along with

22   evidence of any attempts to secure a waiver of service of summons and of

23   the costs subsequently incurred in effecting service on said defendant.

24   Said costs shall be enumerated on the USM-285 form and shall include the

25

26   Campbell.  However, it is not clear efforts were made to contact CDC-R or Deputy Attorney
General Van Kamberian.  See June 5, 2007 Order.

costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

3.  The United States Marshal shall file returned service of summons as well as any requests for waivers that are returned as undelivered as soon as they are received.

4.  If the United States Marshall is unable to obtain a more current address for defendant Campbell, the United States Marshall shall file an unexecuted service form specifically setting forth its efforts to locate defendant Campbell.

5.  Defendant Campbell shall reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

6.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).  Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion.  Opposition to all other motions need be filed only as directed by the court.

7.  If plaintiff is released from prison at any time during the pendency of this case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local Rule 78-230(m).  In the absence of a court order granting such a request, the provisions of Local Rule 78-230(m) will govern all motions described in #7 above regardless of plaintiff's custodial status. See Local Rule 1-102(d).

8.  Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request for dismissal of unexhausted

3

claims without prejudice.  The defendant may submit affidavits or declarations under penalty of

perjury and admissible documentation to support the motion to dismiss.  To oppose the motion,

plaintiff may likewise file declarations under penalty of perjury and admissible documentation.

Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to

the court's attention those parts of the complaint upon which plaintiff relies.  Plaintiff may serve

and file one or more affidavits or declarations by other persons who have personal knowledge of

relevant matters.  Plaintiff may also rely upon written records, but plaintiff must prove that the

records are what plaintiff claims they are.  If plaintiff fails to contradict defendant's evidence

with admissible evidence, the court may rely on the defendant's evidence.  In the event both sides

submit matters outside the pleadings, the court may look beyond the pleadings and decide

disputed issues of fact.  If plaintiff does not serve and file a written opposition to the motion, the

court may consider the failure to act as a waiver of opposition to the defendant's motion.  If the

defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's

unexhausted claims will be dismissed without prejudice.

       9.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),

<u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988),

plaintiff is advised of the following requirements for opposing a motion for summary judgment

made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion

is a request for an order for judgment in favor of defendants without trial.  A defendant's motion

for summary judgment will set forth the facts that the defendants contend are not reasonably

subject to dispute and that entitle the defendants to judgment.  To oppose a motion for summary

judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of

the following ways.  Plaintiff may rely upon statements made under the penalty of perjury in the

complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.

Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion.  If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

10.  A motion or opposition supported by unsigned affidavits or declarations will be stricken.

11.  Each party shall keep the court informed of a current address at all times while the action is pending.  Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address."  A notice of change of address must be properly served on other parties.  Pursuant to Local Rule 83-182(f), service of documents at the record address of a party is fully effective.  Failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.

12.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

1          13.  The failure of any party to comply with this order, the Federal Rules of Civil

2  Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but

3  not limited to, dismissal of the action or entry of default.  Fed. R. Civ. P. 11; Local Rule 11-110.

4  DATED:  June 18, 2007.

5

6                                                    _____

7                                                    UNITED STATES MAGISTRATE JUDGE

8  001; coop1043.8a

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26