IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON L. COOPER,

        Plaintiff,                   2:05-cv-1043-GEB-JFM-P

       vs.

CAL TERHUNE, et al.,

        Defendants.             ORDER

_____/

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On August 15, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  Plaintiff has filed objections to the findings and recommendations.

       Plaintiff requests that the complaint continue with Sgt. T.H. Campbell as a named defendant and renews his request for appointment of counsel so that counsel can help locate unserved defendant T.H. Campbell.

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In

1  the present case, the court does not find the required exceptional circumstances.  Plaintiff's

2  renewed request for the appointment of counsel will therefore be denied.

3          As noted in the findings and recommendations, service of process on defendant

4  Campbell has been attempted three additional times and the California Department of

5  Corrections and Rehabilitation has been queried without success.  The record reflects that two

6  years have passed from the filing of the complaint, plaintiff has unsuccessfully attempted to

7  discover defendant Campbell's location through discovery, and the U.S. Marshal was informed

8  that defendant Campbell had moved from his last known address with no forwarding address

9  provided.  Defendant Campbell was entitled to timely notice of this lawsuit under Fed. R. Civ. P.

10  4(m).

11          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-

12  304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire

13  file, the court finds the findings and recommendations to be supported by the record and by

14  proper analysis.

15          Accordingly, IT IS HEREBY ORDERED that:

16          1.  The findings and recommendations filed August 15, 2007, are adopted in full;

17          2.  Plaintiff's claims against defendant Campbell are dismissed pursuant to Fed.

18  R. Civ. P. 4(m); and

19          3.  Plaintiff's August 30, 2007 request for appointment of counsel is denied.

20  Dated:  September 12, 2007

21

22  _____
   GARLAND E. BURRELL, JR.
23  United States District Judge

24

25

26

2