IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON L. COOPER,

    Plaintiff,           No. 2:05-cv-1043 GEB JFM (PC)

    vs.

M. ARMSTRONG,

    Defendant.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Both parties have filed pretrial statements and plaintiff has filed a motion for the attendance of incarcerated witnesses.

        In his pretrial statement, plaintiff identified a few documents he intends to introduce at trial, but they are not all specifically identified by name or date, and not listed in a way to give defendant or the court proper notice. The court has identified the following as some of the requested exhibits:

        1. Admission by defendant Armstrong included in his reported incidents report.

        2. Exhibit which was attached to initial complaint herein.

        3. The filings that have been generated during filing and scheduling trial date.

Plaintiff will be granted leave to file a separate exhibit list in which he will identify each

document he intends to introduce as an exhibit at trial. Each exhibit shall be sufficiently identified so that defendant and the court can discern what document plaintiff seeks to introduce. Plaintiff is cautioned that if he fails to list any document he intends to introduce at trial, he will not be permitted to introduce that document at trial. All documents must be listed in the pretrial order.

Plaintiff also "requests discovery in the form of D.O.M." (Id. at 2.) Discovery is closed and has been closed since June 23, 2006. Plaintiff's request is denied.

In his pretrial statement, plaintiff requests the attendance of the following incarcerated witnesses: M. Watts, J. Pearson, Young, O'Neal, Jimmerson, and Robinson. Plaintiff avers that he has not had the opportunity to receive assurances as to what the witnesses will say because the CDCR does not allow communication between inmates; however, plaintiff contends their truthful description of what happened on November 22, 1999 will demonstrate that defendant violated plaintiff's civil rights.

Defendant objects to plaintiff's motion because (1) plaintiff has failed to identify the specific testimony these witnesses would proffer as to the events of November 22; and (2) none of these witnesses were one of the inmates present at the pedestrian gate near the program office, but were witnesses to the initial altercation no longer at issue here. (Opp'n at 2.) Defendant contends that the alleged excessive force by defendant Armstrong occurred at the pedestrian gate, which is approximately 100 yards away from where the initial altercation took place, thus, these witnesses could have no relevant information to offer at trial.

Plaintiff has failed to sufficiently identify the specific testimony each witness would offer at trial. On December 3, 2008, this court reminded plaintiff that the sole remaining issue was whether defendant Armstrong used excessive force on plaintiff on November 22, 1999, while plaintiff was handcuffed behind his back and escorted by two correctional officers, as they approached the sallyport area, and that there were four inmates near the sallyport at that time. (Id. at 1-2.) In his motion, plaintiff failed to confirm any of the six witnesses could testify as to

actions taken by defendant Armstrong near the pedestrian gate or sallyport area on November 22. Defendant contends they could not and plaintiff has failed to rebut that evidence. Accordingly, plaintiff's motion will be denied.

Plaintiff also requests the attendance of CDC Officer Dyer from High Desert State Prison. However, plaintiff has failed to provide a subpoena or the required witness fees as required by this court's March 1, 2006 order. (Id. at 4.) Plaintiff's request to require Officer Dyer to testify at trial will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of this order, plaintiff shall file an exhibit list in which he specifically identifies each exhibit he intends to introduce at trial;

2. Plaintiff's January 15, 2009 motion for the attendance of incarcerated witnesses (#97) is denied;

3. Plaintiff's January 15, 2009 motion for the attendance of Officer Dyer as a witness is denied.

DATED: February 3, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; coop1043.sup