IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON L. COOPER,

      Plaintiff,                           No. 2:05-cv-1043 GEB JFM (PC)

    vs.

M. ARMSTRONG,

      Defendant.                       <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On August 11, 2009, the court issued a pretrial order. On August 28, 2009, plaintiff filed timely objections to the pretrial order.

        Plaintiff cites a disputed evidentiary issue, claiming that the defendants are requesting to introduce institutional rule infractions for impeachment purposes. (<u>Id.</u> at 1.) Plaintiff argues that "these violations are not tested by the reasonable doubt test. What's used is only a preponderance of the evidence by a biased administration who usually sides with their staff." (<u>Id.</u>) Plaintiff is advised that because this is a civil action, the court will employ a preponderance of the evidence standard. The pretrial order reflects that defendant may move to admit rules violation reports "[i]f plaintiff offers evidence of his good character, or evidence that he is a non-violent, law-abiding person." (PTO at 4.) Because plaintiff's objection is addressed to the possible admission of evidence that may or may not happen, his objection will be overruled without prejudice to its renewal at the time of trial if appropriate.

1

1    Plaintiff also contests defendant's request for costs and attorney's fees, claiming
2 defendant has not sued plaintiff for damages. However, review of defendant's answer reveals
3 that defendant sought judgment in favor of defendant, costs of suit and attorney's fees, and such
4 other relief as the court deems proper. (Answer, filed February 17, 2006 at 5.) Accordingly,
5 plaintiff's objection is overruled.

6    Plaintiff objects to defendant seeking a separate trial on punitive damages.
7 Plaintiff states that if the trial is for plaintiff, he has no objection, but if the trial is for defendants,
8 he objects that defendants did not file suit against plaintiff for punitive damages. Plaintiff is
9 mistaken. Defendant is seeking a separate trial to determine whether plaintiff is entitled to
10 punitive damages and, if so, the amount of damages to be awarded. Accordingly, plaintiff's
11 objection is overruled.

12    Finally, plaintiff requests a settlement conference. However, in defendant's
13 pretrial statement, defendant states the following: "Defendant did not commit any wrongdoing.
14 Therefore, defendant offers no monetary sum to settle this case other than a waiver of costs in
15 exchange for plaintiff's voluntary dismissal." (February 2, 2009 PTS at 8.) Accordingly, it does
16 not appear a settlement conference would be fruitful. Plaintiff's request will be denied.

17    Accordingly, IT IS HEREBY ORDERED that:

18    1. Plaintiff's objection concerning the admission of rules violation reports is
19 overruled without prejudice to renewal at trial via evidentiary objection at the time defendant
20 attempts to admit such evidence;

21    2. In all other respects, plaintiff's August 28, 2009 objections to the pretrial order
22 are overruled;

23 /////
24 /////
25 /////
26 /////

       3.  The August 11, 2009 Pretrial Order is final and no further objections will be entertained; and

       4.  Plaintiff's request for settlement conference is denied.

DATED: October 13, 2009.

_____
UNITED STATES MAGISTRATE JUDGE